## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER AARON VASS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 5:21-cv-00374-TES-CHW** |
| | : | |
| **Warden WALTER BERRY,** *et al* | : | **Proceedings Under 42 U.S.C. § 1983** |
| | : | **Before the U.S. Magistrate Judge** |
| **Defendants.** | : | |
| | : | |

## ORDER AND NOTIFICATION OF MOTION TO DISMISS

1. <u>Defendant Speight's motion for joinder</u>

Before the Court is Defendant Speight's motion to join (Doc. 63) Defendants Berry, Womble, Whipple, and Lumpkins' motion to stay (Docs. 57), which was granted by the Court. (Doc. 59). Defendant Speight filed a motion to dismiss (Doc. 35), but unlike the other Defendants he did not file a motion to stay discovery with the motion. He now moves to join the other Defendants' motion to stay discovery and requests that the previous order staying discovery be applied to him. (Doc. 63). Defendant Speight's motion to join the other Defendants' motion to stay (Doc. 63) is **GRANTED**. The order staying discovery (Doc. 59) is extended to Defendant Speight and discovery as to him is stayed except to the limited issue of failure to exhaust Plaintiff's administrative remedies, until either the pending motion to dismiss is resolved or until further Order of the Court.

2. <u>Defendant Speight's motion to dismiss</u>

The Court also notes that no notice was provided to Plaintiff by the Court regarding Defendant Speight's motion to dismiss. (Doc. 35). Out of an abundance of caution, Plaintiff is notified that Defendant Speight filed a motion to dismiss. (*Id.*) The Court is required to adequately

advise Plaintiff of the significance of Defendant's motion. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam). In an effort to afford Plaintiff, who is proceeding *pro se*, adequate notice and time to respond to Defendant's motion, the following notice is given.

When considering a motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id*. Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id*. at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

I.    **Amending the Complaint**

Defendant's motion to dismiss alleges there are certain deficiencies in Plaintiff's complaint. In some situations, deficiencies in a complaint may be cured with a more carefully drafted complaint. Under Fed. R. Civ. P. 15(a)(1)(B), a plaintiff "may amend its pleadings once as a matter of course withing . . . 21 days after service of a motion under Rule 12(b) . . ." If Plaintiff thinks, based on Defendant's motion to dismiss, that a more carefully drafted complaint or more specific allegations would state a claim, he has 21 days to amend his complaint. Plaintiff should be aware that a dismissal could prevent him from re-filing his claims if the running of the

applicable statute of limitations would bar further litigation. *Brennan c. Comm'r, Ala. Dep't of Corr.*, 626 F. App'x 939, 946 n.4 (11th Cir. 2015). Plaintiff should, therefore, take the opportunity to amend his complaint to cure, if possible, the deficiencies addressed in Defendant's motion to dismiss.

## II.    Responding to an Alleged Failure to Exhaust

Normally, when considering a motion to dismiss, the Court limits its consideration to the pleadings and exhibits attached thereto, as well as the parties' briefs. If, however, Defendant has alleged Plaintiff's claims should be dismissed for failure to exhaust administrative remedies available through the Georgia Department of Corrections, "[t]he judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 535 (11th Cir. 2014) (citing *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)). If Plaintiff is responding to a motion to dismiss for failure to exhaust, this is his opportunity to "develop the record." *Id*. Plaintiff may provide the Court with affidavits and/or other documents showing that he has, in fact, exhausted available administrative remedies.

## III.   Briefs

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendant's motion to dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M. D. Ga. Civ. R. 7.4.

**FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANT'S BRIEF MAY RESULT IN THESE STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT**. The Court

could grant judgment to Defendant and there would be no trial or further proceedings. Accordingly, Plaintiff is **NOTIFIED** of his right to amend his complaint, submit a response brief, and, if responding to a motion to dismiss for failure to exhaust administrative remedies, submit any affidavits and/or documents showing he has exhausted. As explained above, if Plaintiff fails to amend his complaint and the applicable statute of limitations has expired since he filed the original complaint, the Plaintiff will be barred from re-filing following dismissal. If Plaintiff fails to file a brief in opposition to the motion to dismiss, a final judgment may be rendered against him if otherwise appropriate under law. Any amendment, response brief, affidavits and/or other documents must be filed **WITHIN 21 DAYS** of receipt of this Order. Fed. R. Civ. P. 15(a)(1)(B); M. D. Ga. Civ. R. 7.2. Thereafter, the Court will consider Defendant's motion to dismiss and any opposition to the same filed by Plaintiff, and issue its ruling.

       **SO ORDERED**, this 11th day of August, 2022.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge